UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FLIPBOARD, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>KALLIOPE AMORPHOUS, a/k/a MICHELLE WALSH, an individual,<br><br>Defendant. | Case No. 5:15-cv-03255-BLF<br><br>**DECLARATION OF DAVID CREEMER IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Motion Filed:  September 21, 2015<br>Hearing Date:  November 12, 2015<br>Hearing Time:  9:00 a.m.<br>Courtroom:  3 – 5th Floor<br>The Honorable Beth Labson Freeman |

I, David Creemer, declare as follows:

1. I am Head of Platform Engineering at Flipboard, Inc. ("Flipboard") and have been employed by Flipboard since July 2010. In this role, I direct all platform (server) software engineering. I respectfully submit this declaration in opposition to Defendant Kalliope Amorphous' Motion to Dismiss. I have personal knowledge about the facts described below and, if called as a witness, could and would testify competently thereto.

2. Flipboard is a Delaware corporation with its principal place of business at 214 Homer Avenue, Palo Alto, California 94301. Founded in 2010, Flipboard operates a popular online service accessible at www.flipboard.com and through various mobile application platforms, including Apple iOS and Android.

3. Flipboard's service gives users the ability to view content from around the Internet in interactive and attractive layouts in which content appears as though in a magazine.

4. Flipboard operates its service with respect for the rights of content creators. Flipboard has partnered with all types of global content companies including leading news services, publishers, social networks, photographers and galleries, newspapers and magazines, film studios, blogs and more.

5. Pursuant to these relationships, some of the content that is accessible on and through Flipboard is stored on Flipboard's systems and made available to users pursuant to licenses from rightsholders.

6. Other content accessible via Flipboard is uploaded to the service at the direction of its users. Flipboard stores or "hosts" that content and makes it accessible to users in accordance with the relevant safe harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c).

7. Still more content accessible through Flipboard is not stored on, copied to, or served from Flipboard's system at all, but instead resides on third-party websites that Flipboard links to or "frames" via in-line links. When content is framed in this matter, the material is served and viewed by users from the third-party's website, not from Flipboard's. Flipboard's service simply links to and puts a frame around the material. In linking to content on other services' systems in this way, Flipboard acts in accordance with the relevant safe harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512(d).

8. Flipboard has entered into agreements with various online service providers under which it accesses content that those services store/host, in order to make that content viewable by Flipboard users. Under these agreements, other services provide Flipboard with information about the content stored on their systems, along with links to that content through what are known as application programming interfaces ("APIs"). Flipboard has entered into such API agreements with Flickr and Tumblr. Pursuant to these agreements, Flipboard is authorized to access content posted on Flickr and Tumblr and make that content accessible to Flipboard users. Flipboard accesses Flickr and Tumblr's APIs from its systems in Palo Alto.

9. I understand that Ms. Amorphous claims that Flipboard "scraped" (that is, copied and stored) images she posted on Flickr and/or Tumblr. That is incorrect. Flipboard never scraped or otherwise copied images from Ms. Amorphous' accounts on those services. The only access that Flipboard offered its users to any material from Ms. Amorphous' Flickr or Tumblr accounts was by framing links to such material (using the process described above) pursuant to the API agreements that Flipboard entered into with those services. Even then, however,

1  material from Ms. Amorphous' Flickr and Tumblr accounts would only have been framed by
2  Flipboard in response to an action taken by some Flipboard user.  The images from Flickr and/or
3  Tumblr that users caused to be framed in this way were not copied to, stored on, or displayed
4  from Flipboard's servers or systems.

5      10.    In connection with this case, Ms. Amorphous has also claimed that Flipboard used
6  images that she posted to the Bored Panda website.  According to our records, none of those
7  images accessed from Bored Panda was ever copied to or stored on Flipboard's system.  Instead,
8  the images were "framed" using the process described above.

9      11.    In particular, the images from Bored Panda that were included in a Flipboard
10 collection or "magazine" called "The Shot" at all times remained on the Bored Panda website,
11 and they were only ever served from that website.  The process for making them accessible as
12 part of "The Shot" involved the presentation of the images on Bored Panda's website in a frame
13 on the Flipboard service.

14     12.    Flipboard's service is governed by its Terms of Use.  In order to access and use
15 the Flipboard service, a user must first create a Flipboard account, which requires the user to
16 review and agree to Flipboard's Terms of Use.  In addition, a copy of Flipboard's Terms of Use
17 is posted prominently on Flipboard's website: https://about.flipboard.com/terms.  Flipboard's
18 Terms of Use make clear that they are governed by the laws of the State of California.  In
19 addition, the Terms of Use require users to agree that any judicial claims between Flipboard and
20 its users will be litigated "exclusively in a state court located in Santa Clara County, California
21 or in the United States District Court for the Northern District of California[.]"  By accepting the
22 Terms of Use, moreover, the user expressly consents to "personal jurisdiction in those courts."
23 A true and correct copy of Flipboard's Terms of Use is attached hereto as <u>Exhibit A</u>.

24     13.    I have reviewed Exhibits K, L, M, O, and P to Ms. Amorphous' Complaint
25 against Flipboard in the Southern District of New York.  A true and correct copy of those
26 exhibits is attached hereto as <u>Exhibit B</u>.  From these materials, it is clear that Ms. Amorphous
27 created an account on the Flipboard service.  These exhibits to her New York Complaint could
28 only have been created by someone with a Flipboard account.  Ms. Amorphous could not have

DECLARATION OF DAVID CREEMER    -3-
Case No. 5:15-cv-03255-BLF

1  signed up for a Flipboard account, or used that account to access and use the Flipboard service
2  and generate those screenshots, without first agreeing to Flipboard's Terms of Use, including the
3  provisions of those terms requiring all claims with Flipboard to be litigated in the Northern
4  District of California and consenting to personal jurisdiction in California.
5       I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true
6  and correct.

8  Executed on  October 13, 2015 , 2015 in  Palo Alto, CA .

10       By: _____
             David Creemer

DECLARATION OF DAVID CREEMER            -4-
Case No. 5:15-cv-03255-BLF