UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| FLIPBOARD, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>KALLIOPE AMORPHOUS,<br><br>  Defendant. | Case No. 15-cv-03255-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Re: ECF 42] |
|---|---|

On December 10, 2015, the Court denied Defendant's Motion to Dismiss this declaratory judgment action, finding that the Court has personal jurisdiction over Defendant based both on her consent to such jurisdiction and on her contacts with California. *See* Order, ECF 38 at 7, 12. Defendant now moves for leave to file a Motion for Reconsideration of the Order pursuant to Civil Local Rule 7-9. ECF 42. For the reasons stated herein, Plaintiff's Motion is DENIED.

Rule 7-9 allows a party to request leave to file a motion for reconsideration before a judgment has been entered on any of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b)(1)-(3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7–9(c).

Defendant seeks leave to move for reconsideration on the grounds that the initial decision was manifestly unjust and failed to consider material facts or dispositive legal arguments. Mot. at 2. Specifically, Defendant contends that the Court failed to address her discussion of *Walden v. Fiore*, 134 S. Ct. 1115 (2014). *Id.* at 3-4. However, Defendant does not argue that *Walden* is

dispositive of the Motion to Dismiss; rather, Defendant concedes that "the Supreme Court's opinion in *Walden* stops well short of overturning the . . . line of cases" upon which the Court relied to reach its decision. *Id.* at 9. In effect, Defendant is rearguing a position she has previously asserted to the Court—an argument the Court considered but found unpersuasive given the substantial factual differences between *Walden* and this case, especially in light of the significant body of cases considering facts similar to this case.

In addition, Defendant appears to challenge the Court's "erroneous conclusions" regarding the facts underlying its assertion of jurisdiction. First, as before, Defendant contends that honoring her consent to Plaintiff's terms is unfair because she had to consent in order to document Plaintiff's distribution of her photographs—not, as Plaintiff contends, to manufacture infringement. Similarly, Defendant again contends that her inquiries to Flickr and Tumblr were not, as Plaintiff suggests, attempts to disrupt Plaintiff's business relationships and suggests that no other conclusion is possible in light of Plaintiff's choice not to bring affirmative claims for tortious interference in this case. Contrary to Defendant's argument, however, the Court did not conclude that Defendant consented to Plaintiff's terms in order to manufacture infringement or that Defendant engaged in intentional misrepresentation, nor did it read a tortious interference claim into Plaintiff's complaint. Rather, the Court took Plaintiff's uncontroverted allegations as true for the purposes of the motion, as it must.

Thus, Defendant has not shown that the Court manifestly failed to consider material facts or dispositive legal arguments. Instead, Defendant appears to seek leave to reargue positions previously asserted to the Court. Accordingly, Defendant's Motion for Leave is DENIED.

**IT IS SO ORDERED.**

Dated: January 19, 2016

_____
BETH LABSON FREEMAN
United States District Judge