# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FLIPBOARD, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KALLIOPE AMORPHOUS,<br><br>　　　　Defendant. | Case No. 15-cv-03255-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO RESET CASE MANAGEMENT SCHEDULING CONFERENCE AND ADR DEADLINES**<br><br>[Re: ECF 53] |

　　Plaintiff and Defendant are engaged in two lawsuits—the instant case and *Amorphous v. Flipboard, Inc.*, No. 1:15-cv-05802-KPF in the Southern District of New York ("New York Action"). In this case, the Court has determined that it has personal jurisdiction over Defendant, *see* ECF 38, Order Denying Motion to Dismiss, and Defendant has filed an answer, *see* ECF 41. In the New York Action, the parties have briefed and are awaiting resolution of Plaintiff's motion to transfer that action here. Defendant now asks the Court to postpone the Initial Case Management Conference for this case, set for March 3, 2016, and all related deadlines until the motion to transfer has been resolved. ECF 53. Plaintiff opposes the motion. ECF 57.

　　Defendant recognizes "that this Court has no obligation to reset the Case Management Conference" but argues that doing so would simplify proceedings and conserve resources. Mot. at 4. Specifically, Defendant contends that the New York court's decision regarding Plaintiff's motion to transfer will "influence almost every aspect" of the CMC, including the parties' positions regarding counterclaims, ADR, and discovery dates. Mot. at 4.

　　To support her argument, Defendant relies heavily on *Estrada v. Kaiser Found. Hosps.*, 2014 U.S. Dist. LEXIS 151252 (N.D. Cal. Oct. 23, 2014), which considered an administrative motion to delay the briefing and hearing for a motion to dismiss pending an anticipated motion to

remand the same case. The *Estrada* court granted the motion because "[i]f the court indeed lacks subject matter jurisdiction over this matter, it lacks authority to determine Defendants [*sic*] motion to dismiss." That logic does not apply here, as the New York court's determination on the motion to transfer will have no effect on the Court's authority over this case. Unlike the motion to dismiss in *Estrada,* the CMC must occur regardless and delaying a necessary process will not serve judicial economy.

With regard to Defendant's argument that the motion to transfer will impact case management dates here, Plaintiff convincingly responds that the opposite is true. Opp. at 4. If Plaintiff's motion to transfer the New York Action is denied, this case will not change. If the motion is granted and the case is transferred, the dates and decisions Defendant mentions should be minimally impacted given the related nature of the claims in the two actions. While transfer may lead Defendant to raise counterclaims in this case, as the Court noted in its February 2, 2016 Order Denying Plaintiff's Administrative Motion, the parties can deal with that possibility by "agree[ing] to a last day to amend pleadings at the Initial [CMC] . . . Such a deadline is a typical part of a Case Management Order." ECF 47 at 1. Equally typical is the need for parties to juggle numerous cases and hypothetical outcomes when setting trial dates.

Finally, Defendant argues that proceeding with the CMC will "deprive her of the benefit of her successful opposition to the motion [to transfer]" but does not explain how. *Id.* Plaintiff correctly points out that "[i]f Flipboard's motion to transfer is denied, the parties can litigate the case in New York. Ms. Amorphous will be in exactly the same position in that action no matter what happens here in the interim." Opp. at 4. On the other hand, Plaintiff argues that if the CMC is postponed, Plaintiff's attempt to "obtain, efficiently and speedily, a definitive determination . . . [regarding] the uncertainty that occasioned its filing of this case in the first place" will suffer. Opp. at 4-5. The Court agrees with Plaintiff. Accordingly, Defendant's motion to reset the CMC and related deadlines is DENIED.

The Court next addresses Defendant's motion to appear telephonically at the Initial CMC. Mot. at 6. Defendant states that she cannot afford to pay the expenses associated with her counsel's travel to California from New York at this time. Mot. at 6. Plaintiff does not oppose this

2

portion of her motion. Accordingly, the Court GRANTS Defendant's motion to appear telephonically at the Initial CMC on March 3, 2016 at 11:00 AM PST and DIRECTS Defendant to contact Court Call Phone Conferencing at (866) 582-6878 in advance of the hearing to schedule the telephonic appearance.[1]

**IT IS SO ORDERED.**

Dated: February 23, 2016

BETH LABSON FREEMAN
United States District Judge

---

[1] The Court additionally DIRECTS Defendant's local co-counsel to file an appearance. The Court granted Defendant's Application for Admission of Attorney Pro Hac Vice on February 12, 2016 pursuant to Civil Local Rule 11-3, but Defendant's local co-counsel has yet to appear in this case. This is troubling both because the Application included (as it must) an oath certifying that a local attorney in good standing with the Court is designated as co-counsel and because notice to the party occurs through service on local co-counsel. Civ. L.R. 11-3(a)(3) and (e).